| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |
|---|---|

| | |
|---|---|
| CORNELIO GONZALEZ, Individually and On Behalf of All Others Similarly Situated, <br><br> *Plaintiff(s)*, <br><br> v. <br><br> PETROLEUM & GEOLOGY ENERGY, INC. and OMAR PIMENTAL, <br><br> *Defendant(s)*. | § § § § § § § § § § § § § <br><br> No. _____ |

## PLAINTIFF CORNELIO GONZALEZ'S ORIGINAL COMPLAINT

Plaintiff Cornelio Gonzalez (referred to as "Gonzalez") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant Petroleum & Geology Energy, Inc. (referred to as "P&G Energy") and Defendant Omar Pimental (referred to as "Pimental") who were paid on a day-rate basis without overtime during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1. Gonzalez's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. P&G Energy and Pimental violated the FLSA by employing Gonzalez and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. P&G Energy and Pimental willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

6. Gonzalez brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of P&G Energy and Pimental who were paid on a day-rate basis without overtime during the past three years.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8. Venue is proper in this district and division because P&G Energy and Pimental reside in this district and division. 28 U.S.C. § 1391(b)(1).

## III. Parties

9. Gonzalez is an individual who resides in Brazoria County, Texas and who was employed by P&G Energy and Pimental during the last three years.

10. P&G Energy is a Texas corporation that may be served with process by serving its registered agent:

Omar Pimental
1755 Cresente Plaza Drive, Apartment 3091
Houston, Texas 77077

Alternatively, if the registered agent of P&G Energy cannot with reasonable diligence be found at the company's registered office, P&G Energy may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11. Omar Pimental is an individual who resides in Harris County, Texas and who may be served with process at:

12587 Piping Rock Drive
Houston, Texas 77077

or wherever he may be found. Alternatively, Pimental may be served with process by serving an agent or clerk employed in his office or place of business because this action grows out of or is connected with the business he transacts in this state. *See*, Tex. Civ. Prac. & Rem. Code § 17.021.

12. An allegation that P&G Energy committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of P&G Energy or

was done in the normal course and scope of employment of P&G Energy's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

13. P&G Energy is an oilfield services company.

14. P&G Energy does business in the territorial jurisdiction of this Court.

15. P&G Energy employed Gonzalez from June 2019 to July 2020.

16. P&G Energy employed Gonzalez as a chemical advisor.

17. Pimental was also Gonzalez's employer—and individually liable to him for the FLSA violations described below—because he: (1) had the authority to hire and fire P&G Energy employees, including Gonzalez; (2) supervised or controlled P&G Energy employee schedules or conditions of employment, including Gonzalez's schedule and/or conditions of employment; (3) determined the rate or method of payment for P&G Energy employees, including Gonzalez; and/or (4) maintained P&G Energy employee records, including Gonzalez's records.

18. As a chemical advisor, Gonzalez was responsible for monitoring equipment and machinery, conducting quality control checks, and conducting maintenance and repairs in the plant.

19. During Gonzalez's employment with P&G Energy, he was engaged in commerce or in the productions of goods for commerce.

20. During Gonzalez's employment with P&G Energy, the company had employees engaged in commerce or in the production of goods for commerce.

21. During Gonzalez's employment with P&G Energy, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

22. During Gonzalez's employment with P&G Energy, the company had an annual gross volume of sales made or business done of at least $500,000.

23. P&G Energy paid Gonzalez on a day-rate basis.

24. P&G Energy paid Gonzalez on a bi-weekly by check or direct deposit.

25. During Gonzalez's employment with P&G Energy, he regularly worked in excess of forty hours per week.

26. P&G Energy knew or should have known that Gonzalez worked in excess of forty hours per week.

27. P&G Energy did not pay Gonzalez for all hours worked including hours worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

28. Instead, P&G Energy paid Gonzalez on a day-rate basis without overtime.

29. Gonzalez was not exempt from the maximum hour requirements of the FLSA.

30. As a chemical advisor, Gonzalez's primary duties were nonexempt.

31. As a chemical advisor, Gonzalez's primary duties did not include office or nonmanual work.

32. As a chemical advisor, Gonzalez's primary duties were not directly related to the management or general business operations of P&G Energy or its customers.

33. As a chemical advisor, Gonzalez's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

34. As a chemical advisor, Gonzalez did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

35. As a chemical advisor, Gonzalez was, instead, required to follow P&G Energy's policies, practices and procedures.

36. As a chemical advisor, Gonzalez did not have any independent authority to deviate from P&G Energy's policies, practices and procedures.

37. P&G Energy knew or should have known that Gonzalez was not exempt from the maximum hour requirements of the FLSA.

38. P&G Energy willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

39. During Gonzalez's employment with P&G Energy, the company did not maintain accurate time and pay records for Gonzalez as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

40. During Gonzalez's employment with P&G Energy, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

41. P&G Energy continued the pay practice(s) complained of by Gonzalez without investigation after being put on notice that the pay practice(s) violated the FLSA.

42. P&G Energy has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

43. Prior to this lawsuit, P&G Energy conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Gonzalez.

44. Because P&G Energy willfully violated the FLSA, the company is liable to Gonzalez for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

45. As a result of the FLSA violation(s) described above, P&G Energy is liable to Gonzalez for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

46. All day-rate workers employed by P&G Energy during the last three years are similarly situated to Gonzalez because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from P&G Energy and Pimental under 29 U.S.C. § 216(b).

## V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

47. Gonzalez adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

48. During Gonzalez's employment with P&G Energy, he was a nonexempt employee.

49. As a nonexempt employee, P&G Energy was legally obligated to pay Gonzalez "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

50. P&G Energy did not pay Gonzalez "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

51. Instead, P&G Energy paid Gonzalez on a day-rate basis without overtime.

52. If P&G Energy classified Gonzalez as exempt from the maximum hour requirements of the FLSA, he was misclassified.

53. As a result of the FLSA violation(s) described above, P&G Energy and Pimental are liable to Gonzalez for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI. Count Two—
## Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

54. Gonzalez adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

55. P&G Energy willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

56. P&G Energy failed to maintain accurate time and pay records as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 216.

57. Because P&G Energy willfully violated the FLSA, the company and Pimental are liable to Gonzalez for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII. Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

58. Gonzalez adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

59. On information and belief, other employees of P&G Energy have been victimized by the FLSA violation(s) described above.

60. These employees are similarly situated to Gonzalez because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

61. P&G Energy's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

62. Since Gonzalez's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

63. For these reasons, Gonzalez requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All workers employed by P&G Energy during the last three years at any location in the United States who worked more than forty

hours in any one or more workweeks and who were paid on a day-rate basis without overtime.

64. P&G Energy and Pimental are liable to Gonzalez and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

65. Gonzalez has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on his behalf of and on behalf of all other putative class members.

## VIII. Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

66. Gonzalez adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

67. Gonzalez is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

68. Gonzalez is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

69. Gonzalez has retained the professional services of the undersigned attorneys.

70. Gonzalez has complied with the conditions precedent to recovering attorney's fees and costs.

71. Gonzalez has incurred or may incur attorney's fees and costs in bringing this lawsuit.

72. The attorney's fees and costs incurred or that may be incurred by Gonzalez were or are reasonable and necessary.

73. P&G Energy and Pimental are liable to Gonzalez and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX. Relief Sought

74. Gonzalez demands the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

   b. an incentive award for Gonzalez for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

   c. judgment against P&G Energy and Pimental in Gonzalez's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

   d. all other relief and sums that may be adjudged against P&G Energy and Pimental in Gonzalez's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: *Melissa Moore*
Melissa Moore
State Bar No. 24013189
S.D. Tex. Bar No. 25122
melissa@mooreandassociates.net
Curt Hesse
State Bar. No. 24065414
S.D. Tex. Bar No. 968465
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Renu Tandale
State Bar No. 24107417
S.D. Tex. No. 3487389
renu@mooreandassociates.net